IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ETHAN THOMAS BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-169 |
| ROBERT J. RADER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ethan Thomas Brown, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Robert J. Rader, Raye Carnes and Ktisha Martin, respectively, the warden and assistant warden of the Liberty County Jail, Deputies Janet Coleman, Mark DuBose, Jr., Darrell Warner and a Jane Doe defendant. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Coleman, DuBose, Martin, Rader and Warner (collectively, the "Moving Defendants") have filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (doc. #6).

Factual Allegations

In his Complaint and documents attached to his Complaint. (Doc. #1.) Plaintiff alleges that on March 6, 2021, he and other individuals in dorm 2 were brought out in the hall. He states 5 inmates at a time were told to stand up and told by male and female deputies to strip down, "pull up [their] privates," turn around, bend over, and cough. Plaintiff asserts Defendant Colman told him to strip naked in an abusive and sexually humiliating way. He states the Jane Doe Defendant was present during this incident, but covered up her name tag. Plaintiff states the inmates were filmed and that he was sexually humiliated.

Plaintiff further alleges that on May 9, Defendant DuBose came into the dorm. He brought up the incident on May 6 and stated that as a deputy he could order them to strip down at any time, if necessary. Inmates responded by stating he could not do that. Defendant DuBose stated the

inmates were gay and would prefer that a male officer, rather than a female officer, see them naked. Inmates then stated a female officer should not be involved in a strip search at all. Plaintiff asserts Defendant DuBose made his statements in an attempt to intimidate the inmates.

Plaintiff alleges Defendant DuBose and Defendant Warner came back to the dorm on May 10 and stood around, which he took to be another form of intimidation. He states they also made threats.

Plaintiff also asserts that on May 13, inmates, including Plaintiff, who were offended by what occurred on May 6, tried to do the "right thing" and bring up the incident with the officer who handled complaints under the Prison Rape Elimination Act (the "PREA Officer"). But, instead of doing her job, she disregarded their concerns and told them they were just mad because a woman saw them without clothes. Plaintiff states the inmates then gave up pursuing a grievance with the PREA Officer.

Plaintiff contends Defendant Rader failed to properly train officers and prevent the actions Plaintiff describes from happening. He also asserts Defendants Carnes and Martin witnessed violations of his constitutional rights and failed to stop them.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is

appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Along with other arguments, the Moving Defendants state that Plaintiff's request for compensatory damages should be dismissed because he did not suffer a physical injury.

Title 42 U.S.C. § 1997e(e) provides that no federal civil action may be brought by a prisoner confined in a jail or prison for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Section 1997e(e) prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged and no sexual act was committed. *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff does not state he suffered a physical injury. Further, his allegations do not establish that a sexual act was committed. As a result, his request for compensatory damages should be dismissed. Moreover, as Plaintiff only seeks compensatory damages, the Motion to Dismiss should be granted pursuant to Section 1997e(e).[1]

## Recommendation

The Motion to Dismiss should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

---

[1] In light of this conclusion, the additional grounds for dismissal asserted in the Motion to Dismiss need not be considered.

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE